Adhikari v. Garland

BIA
Sponzo, IJ
A209 870 432

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

───────────────────────────────

PRAJMAL ADHIKARI,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

20-1457(L),
21-6165(Con)
NAC

───────────────────────────────

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General, Civil Division;

Melissa Neiman-Kelting, Assistant Director; Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Prajmal Adhikari, a native and citizen of Nepal, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *see In re Prajmal Adhikari,* No. A 209 870 432 (B.I.A. Apr. 2, 2020), *aff'g* No. A209 870 432 (Immigr. Ct. N.Y.C. July 16, 2018), and of the BIA's denial of his motion to reopen, *see In re Prajmal Adhikari*, No. A209 870 432 (B.I.A. Mar. 3, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

## A. Denial of Asylum and Related Relief

We have considered both the IJ's and BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528

2

(2d Cir. 2006). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (quotation marks omitted). "Under the unwilling-or-unable standard, 'a finding of persecution

3

ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims.'" *Id.* at 114-15 (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

Before this court, Adhikari does not challenge the IJ's and BIA's determinations that he failed to establish the Nepali government's inability or unwillingness to control the private actors who attacked him and whom he claims to fear, and so he has abandoned any challenge to those findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Even if Adhikari had not abandoned that argument, we would deny review because Adhikari did not present evidence sufficient to attribute Maoist activity to the government. His unilateral decision not to report attacks to the authorities, based on his belief that the police and the Maoists were "working with each other" demonstrates only his subjective belief that the government condoned the Maoists' conduct. On such a record, neither the IJ nor the BIA was required to attribute Adhikari's attacks to the national

4

government.  *See Singh v. Garland*, 11 F.4th at 116.

Because this issue is dispositive of asylum and withholding of removal, *see id.* at 114, we need not reach the agency's alternative dispositive bases for denying those forms of relief.

To the extent Adhikari challenges the denial of CAT relief, denial was warranted because the record supports the IJ's and BIA's conclusions that Adhikari could reasonably relocate within Nepal to avoid any likelihood of torture. *See Singh*, 11 F.4th at 118 (holding that petitioner's "ability to relocate internally means that he cannot establish [the] likelihood of torture" necessary to state a claim for CAT relief).  Adhikari had lived and worked in Kathmandu unharmed for more than two years after the Maoists' attack and for an additional three months after the Maoists purportedly discovered his location.  *See Gautam v. Barr*, 832 F. App'x 740, 743 (2d Cir. 2020) (denying review where "there is no evidence that [petitioner] encountered Maoists in the four months that he lived in Kathmandu before departing for the United States, notwithstanding his claim that they had discovered his location"); *Kandel v. Barr*, 832 F. App'x 67,

71 (2d Cir. 2020) (denying review where petitioner had "lived unharmed in Kathmandu for approximately a year" before entering United States).[1]

## B. Motion to Reopen

We review the denial of motions to reopen for abuse of discretion and any country conditions determinations for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). As the BIA found, Adhikari's October 2020 motion to reopen was untimely because he filed it more than six months after the BIA's April 2020 order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen). The time limit for reopening may be excused to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have

---

[1] Adhikari argues the IJ erred by failing to discuss evidence of ongoing civil strife in Nepal that might undermine the relocation conclusion. "[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir.2006), and Adhikari points to no such record evidence here. In any event, Adhikari points to no evidence of civil strife that would undermine the IJ's finding.

been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Adhikari does not challenge the BIA's reasonable determinations that his country conditions evidence showed a continuation rather than a change in conditions in Nepal since his hearing before the IJ, and that his family's interaction with Maoists while he was in the United States constituted a new personal circumstance that did not excuse the time limit. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7; *see also Weinong Lin v. Holder*, 763 F.3d 244, 246–47 (2d Cir. 2014) (recognizing that "changed circumstances" standard permitting late-filed asylum applications "is more expansive" than "change in 'country conditions'" standard to excuse deadline for reopening); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

7

Adhikari's only argument on appeal is that the *Himalayan Times* published an article "a few weeks before [his] merits hearing before the [IJ]" explaining that, after the events experienced by Adhikari, "the Maoists joined the government of Nepal as a ruling party, and obtained the control of some government ministries, including the Home Ministry, which oversees the country's police departments," Pet.'s Supp. Br. 15-16, and that the Maoists' new status qualifies as a changed country condition. Adhikari fails to explain why this information was not available to him during the proceedings below, in the absence of which there is no reason for us to depart from the rule that this court will decide a petition "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007) (stating that court will not remand for consideration of evidence outside the record). Nor does Adhikari explain why the *Himalayan Times* article is material given that he had already presented the IJ with three other articles discussing the Maoists merger with Nepal's ruling party.

Accordingly, Adhikari's motion does not fall under

§ 1229a(c)(7)(C)(ii)'s exception to § 1229a(c)(7)(C)(i)'s timeliness bar.

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
